Singh v. Garland

BIA
Douchy, IJ
A205 941 739

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand twenty-two.

PRESENT:
>        ROSEMARY S. POOLER,
>        RICHARD C. WESLEY,
>        WILLIAM J. NARDINI,
>             *Circuit Judges.*

_____

PARWINDER SINGH, AKA JOGA SINGH,
>        *Petitioner,*

>        v.                                      18-3364
>                                                NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>        *Respondent.*[1]

_____

FOR PETITIONER:                Jaspreet Singh, Esq., Jackson
                               Heights, NY.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

**FOR RESPONDENT:**               Joseph H. Hunt, Assistant
                                  Attorney General; Anthony C.
                                  Payne, Assistant Director; Abigail
                                  E. Leach, Trial Attorney, Office
                                  of Immigration Litigation, United
                                  States Department of Justice,
                                  Washington, DC.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that this petition for review of a decision of the Board of Immigration Appeals ("BIA") is DENIED.

Petitioner Parwinder Singh, a native and citizen of India, seeks review of an October 15, 2018, decision of the BIA affirming a July 28, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Parwinder Singh,* No. A205 941 739 (B.I.A. Oct. 15, 2018), *aff'g* No. A205 941 739 (Immig. Ct. N.Y. City Jul. 28, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

2

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Singh was not credible as to his claim that members of the Akali Dal Badal Party ("ADBP") beat him in June 2012 because he left the ADBP and beat him again in March 2013 because he joined the rival Shiromani Akali Dal Mann Party ("SADM").

The agency reasonably relied on Singh's inconsistent statements about why he had been attacked. In an interview at the border, he claimed that he was attacked for *his father's* switch in political parties, but he did not mention his own political affiliation. However, in a credible fear

3

interview ten days later, he stated that the ADBP government will kill him if he returns to India because he "did not join their party," and that *his* switch from the ADBP to the SADM and refusal to rejoin the ADBP motivated the beatings. CAR at 545. When asked why he did not mention at the border interview that his own party switch was the reason he had been beaten, he responded, "I forgot . . . I don't know." CAR at 547. The IJ was not required to accept that explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). This inconsistency in Singh's testimony about the reason he was attacked, by itself, constitutes substantial support for the adverse credibility determination because that reason is material to his asylum claim.[2] *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 295-96 (2d Cir. 2006) (holding that a material inconsistency concerning the basis of an

---

[2] Thus, we need not consider the other basis for the adverse credibility determination, i.e., Singh's omission of a hospital visit from his asylum application. But we note that this omission is not on its own worth significant weight. *See Hong Fei Gao*, 891 F.3d at 79-80.

4

applicant's asylum claim is substantial evidence of adverse credibility); *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

Singh argues that his later statement was not inconsistent with his border interview, but merely "added more details." Pet'r's Br. at 7-8. Although we have held that omissions are less probative than inconsistencies, and that an asylum applicant is not required to list every detail to which he will eventually testify at the merits hearing, *see Hong Fei Gao*, 891 F.3d at 78-81, the agency did not err in relying on the "omission" of Singh's own party affiliation as the reason for the attacks. This was a significant and specific fact that went to the heart of Singh's claim, and the IJ could reasonably expect him to have disclosed it at the border interview. *See id.* at 78-79 (weight given to an omission depends, in part, on whether "facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances"); *see also Lianping Li v. Lynch*, 839 F.3d 144, 150 (2d Cir. 2016) (upholding adverse credibility determination where petitioner

5

"did not simply omit incidents of persecution . . . [but rather] described the same incidents of persecution differently"); *Siewe*, 480 F.3d at 168 ("So long as there is a basis in the evidence for a challenged inference, we do not question whether a different inference was available or more likely.").

Singh also argues that his border interview was unreliable, but the BIA reasonably concluded that the interview was reliable.[3] Singh affirmatively presented himself at the border and sought protection, and he did not dispute that the interview correctly reflected his responses. Further, the interview was conducted in Punjabi, was memorialized in typewritten question and answer format that Singh initialed and signed, and was designed to elicit a claim for asylum. *See Ming Zhang v. Holder*, 585 F.3d 715, 721 (2d Cir. 2009) (recognizing that a border interview record "bears hallmarks of accuracy and reliability" when "it is typewritten, signed by petitioner, and initialed . . . on each page" and when it "was conducted in a manner designed to

---

[3] Although the Government contends that this argument is unexhausted because Singh did not raise it before the BIA, we may reach it because the BIA considered the interview record and concluded that it was reliable. *See Xian Tuan Ye*, 446 F.3d at 296-97 (excusing failure to exhaust where BIA addressed the issue).

elicit the details of an asylum claim . . . and . . . contains no indication that the alien was reluctant to reveal information or did not understand English or the translations provided by the interpreter" (internal quotation marks and brackets omitted)).

Having questioned Singh's credibility, the agency reasonably determined that he did not rehabilitate his credibility with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The IJ did not err in giving diminished weight to affidavits from Singh's parents, his neighbor, an elected official from his village, and a Sikh Temple official because the authors were not subject to cross-examination and Singh's parents were interested witnesses. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (explaining that "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence" and deferring to agency's decision to afford little weight to letter from applicant's

7

spouse); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (giving diminished weight to letters from friends and family because they were from interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

The IJ also reasonably relied on the lack of a statement or testimony from Singh's brother because the IJ granted Singh's request for a continuance and put Singh on notice that she "might be able to draw an adverse inference if he is not presented as a witness." CAR at 80. Given the issues with Singh's credibility, the agency's expectation of corroborating evidence from Singh's brother was reasonable. *See Diallo v. INS*, 232 F.3d 279, 290 (2d Cir. 2000) (noting that "corroboration may bolster credibility").

Further, we decline to consider Singh's argument that this failure to provide evidence from his brother was attributable to his former attorney's alleged ineffective assistance. Singh has forfeited this argument by not complying with the procedural requirements for bringing an ineffective assistance claim set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), which include alerting former counsel of the allegation and giving counsel an opportunity

8

to respond. *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 47 (2d Cir. 2005) (holding that "alien who has failed to comply substantially with the *Lozada* requirements . . . forfeits h[is] ineffective assistance of counsel claim in this Court").

Because Singh's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). While Singh argues that the agency erred in denying CAT relief because a report and newspaper articles discussed unlawful killings by police and anti-Sikh violence, those documents do not provide an independent basis for CAT relief. Singh, who did not allege past persecution by the police or on account of his Sikh religion, did not submit particularized evidence that he is likely to be a victim of an unlawful killing by police or anti-Sikh violence. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir. 2005) (concluding that "particularized evidence" beyond State Department reports is necessary to establish eligibility for CAT protection for applicant alleging she would be tortured for leaving China illegally); *Jian Xing Huang v. U.S. INS*,

9

421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best."); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (an applicant for CAT relief must show a likelihood of torture in "his particular alleged circumstances").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court